IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON,                                                                PLAINTIFF

v.                     Civil No. 4:24-CV-04098-SOH-BAB

CARLTON D. JONES, Miller County Circuit Judge,
8th Judicial District South, 1st Division;
WREN AUTREY, Miller County Circuit Judge;
JOE E. GRIFFIN, Miller County Circuit Judge, 8th Judicial District,
1st Division; and BRENT HALTOM, Miller County Circuit Judge,
8th Judicial District South, 2nd Division,                                          DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Timothy Wade Jackson, a prisoner, has filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 2). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation. Plaintiff initiated this action in the Eastern District of Arkansas. The United States District Judge Brian S. Miller of the Eastern District of Arkansas ordered that this matter be transferred to this District in the interests of justice pursuant to 28 U.S.C. § 1406(a). (ECF No. 3).

Upon transfer, this Court granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 7). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

1

**BACKGROUND**

Approximately thirty years ago, Plaintiff was arrested for and ultimately convicted of sexual assault. Plaintiff challenges his conviction. Plaintiff says that Brent Haltom, Carlton D. Jones, and Charles E. Black were prosecutors involved in his case at the time, and two of them—Brent Haltom and Carlton D. Jones—are now state circuit court judges. He claims that he requested, but evidently did not receive a DNA rape examination kit. He also says that Judge Griffin denied his request for his "motion of discovery." Plaintiff claims that his constitutional due process rights have been violated. Plaintiff requests monetary damages and that the charges be "dropped."

**LEGAL STANDARD**

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to

support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

At bottom, Plaintiff is challenging the validity of his 1994 conviction for sexual assault. Because Plaintiff has asserted no facts suggesting that this conviction has been invalidated, Plaintiff has not asserted a cognizable § 1983 claim.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> [i]In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentenced invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The doctrine set forth in *Heck* is also not limited to requests for money damages. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Rather, in determining whether *Heck* applies, district courts must "disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Id*.

Here, Plaintiff claims that approximately thirty years ago he was wrongfully arrested for and convicted of sexual assault. If this Court were to agree, this Court would be declaring Plaintiff's conviction invalid—this is exactly the result that *Heck* prohibits. Because Plaintiff has provided no proof that his underlying conviction or sentence is invalid, *Heck* bars this Court from granting the requested relief. This bar applies to his claims for monetary damages and his request for injunctive relief. Accordingly, this Court recommends that Plaintiff's Complaint be dismissed

without prejudice.[1]

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 7th day of October 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if Plaintiff had intended to file a petition for a writ of habeas corpus under 28 U.S.C § 2254 to challenge the fact of his detention due to alleged constitutional due process violations, this Court cannot recharacterize his 42 U.S.C. § 1983 complaint as a habeas petition without Plaintiff's consent. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (directing district courts to "first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a [42 U.S.C. § 1983] action" and vice versa). Further, it is unclear whether Plaintiff is "in custody" under this conviction for the purposes of habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (to be eligible for habeas relief, a petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed").